UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x

PRAKASH MELWANI

                Plaintiff,

                v.

KISS NAIL PRODUCTS, INC.,
AST SYSTEMS, LLC,
PETER CRISS and DAVID CHUNG

                Defendants.

----------------------------------------------------------x

**23 CV 6976**

23 CV _____

**COMPLAINT**

JURY TRIAL DEMANDED

*RECEIVED AUG - 8 2023 PRO SE OFFICE*

       Pro Se Plaintiff Prakash Melwani ("Melwani" or "Plaintiff"), as and for his complaint against defendants, AST Systems, LLC ("AST Systems"), David Chung ("David Chung"), Kiss Nail Products, Inc. ("Kiss Products") and Peter Criss ("Peter Criss") collectively the Defendants ("Defendants"), alleges on knowledge as to his own acts and otherwise on information and belief as follows:

<u>**NATURE OF THE ACTION**</u>

      1.    This is a legal action by Plaintiff,  who is the individual owner of a family of registered and common law trademarks using "Royal Silk" (ROYAL SILK) as all or a significant portion of the mark.  Defendants unlawfully sell tens of thousands of beauty, make-up, cosmetic, and personal care products in United States interstate commerce under the ROYAL SILK mark. Plaintiff's claims include trademark infringement, trademark dilution, false advertising and false origin under the Lanham Act, all in violation of the laws of the United States.  Further, Plaintiff's claims include common law trademark infringement, trademark dilution, and unfair competition,

all in violation of the laws of the State of New York. Plaintiff seeks damages and equitable relief as the Court deems just and proper.

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction over this matter under the Trademark Act of 1946, specifically under 15 U.S.C. 1121(a), 1331, 1332, 1338(a) and (b). This Court has supplemental jurisdiction over the claims in this Complaint under 15 U.S.C. 1367(a) since the state law claims are so related to the federal claims that they form part of the case and derive from a common nucleus of operative facts. Plaintiff's claims are also based on violations of the statutory and common law of the State of New York. Therefore, venue is proper in this county under 28 U.S.C. § 1391(b) and (c) because Defendants sell, advertise, and market its products in this District.

3.      This Court has personal jurisdiction over Defendants under Sections 301 and 302(a)1 of the New York Civil Practice Laws and Rules because Defendants continuously and systematically conduct, transact, and solicit business in this District, and because the events giving rise to this complaint occurred in this State and/or had effects in this State.  Furthermore, Defendants AST Systems and Kiss Products are both businesses formed under the laws of the State of New York.  And individual Defendants Peter Criss and David Chung work in the State of New York for one or both of the Defendant companies.

## THE PARTIES

4.      Plaintiff is an individual United States citizen who conducts business in the State of New York and in the State of New Jersey.  Plaintiff is the individual owner of a family of

ROYAL SILK trademarks ("ROYAL SILK marks") that are the subject of this lawsuit. Plaintiff has been injured and will continue to be injured by Defendants' deliberate and unlawful acts.

5.      Defendant Kiss Nail Products, Inc. ("Kiss Products") is a corporation, organized and existing under the laws of the State of New York with an address at 25 Harbor Park Drive, Port Washington, NY 11050.

6.      Defendant AST Systems, LLC ("AST Systems") is a limited liability company, organized and existing under the laws of the State of New York with an address at 25 Harbor Park Drive, Port Washington, NY 11050.

7.      Peter Criss ("Peter Criss") is the CEO and the principal control agent of Kiss Products. Peter Criss authorized and directed the wrongful conduct described in this action. Plaintiff asserts claims against Peter Criss both in his individual capacity as well in his capacity as the chief executive officer of Kiss Products. Upon information and belief Peter Criss is a resident of the State of New York.

8.      David Chung ("David Chung") is the chief legal officer and one of the principal control agents of AST Systems and Kiss Products. Upon information and belief, David Chung is an owner of AST Systems. David Chung authorized and directed the wrongful conduct described in this action. Plaintiff asserts claims against David Chung both in his individual capacity as well in his capacity as the corporate officer of AST Systems for the alleged wrongdoing. Upon information and belief Peter Criss is a resident of the State of New York.

### PLAINTIFF'S "ROYAL SILK" TRADEMARKS AND BUSINESS

9.      Plaintiff is the owner of all rights, title, and interest in and to a family of multiple registered and common law trademarks using "Royal Silk" as all or a significant portion of the

mark.  The ROYAL SILK marks include, but are not limited to, the following U.S. Trademark

Applications, Registrations and IC numbers:[1]

| Trademark | Reg. No. | Registration Date | IC | Goods or Services |
|---|---|---|---|---|
| ROYAL SILK | 2338016 | April 4, 2000 | 25 | Wearing apparel made wholly or substan-tially of silk, namely, tops, shorts, skirts, boxers, scarves, sashes, mufflers. |
| ROYAL SILK (Word and Design mark) | 3578997 | February 24, 2009 | 25 | Wearing apparel made wholly or substan-tially of silk, namely, scarves, ties, boxer shorts, skirts, tee shirts, long-sleeved shirts, and shirts for suits. |
| ROYAL SILK | 3745470 | February 24, 2009 | 3 | Hair conditioner, hair shampoo. |
| ROYAL SILK | 5076644 | November 8, 2016 | 24 | Handkerchiefs, made in whole or in substantial part of silk; silk fabric. |
| ROYAL SILK | 5076644 | November 8, 2016 | 45 | Providing information in the fields of silk, the folklore of silk, the history of silk, and the proper care of silk via websites on a global computer network. |
| ROYAL SILK | 5792192 | August 31, 2018 | 22 | Laundry wash bags |
| ROYAL SILK | 6949457 | December 16, 2021 | 14 | Jewelry |
| ROYAL SILK | 97175210 | July 11, 2023 | 35 | Retail Store Services, Online Store Services, and Online Wholesale Store Services |

10.     Certain ROYAL SILK marks have achieved incontestable status under 15 U.S.C. §

1065, as the result of which, under U.S.C. § 1115(b) of the Trademark Act, the registrations are the

conclusive evidence of the validity of the marks and of the registrant's exclusive right to use the

marks on or in connection with the goods or services specified in the affidavit establishing the

incontestability.

---

[1] The IC number designates the International Classification code number of Goods and Services for the purpose of the registration of a trademarks at the United States Patent and Trademark Office.

11.     Plaintiff's ROYAL SILK marks are validly registered or applied for, subsisting, unrevoked and uncancelled.

12.     On September 20, 2005, a unanimous jury verdict in this Court found that the ROYAL SILK mark was a famous and/or distinctive trademark.[2]

13.     Through forty-five (45) years of use in interstate commerce, the ROYAL SILK mark is well-known to the buying public as identifying and distinguishing ROYAL SILK goods exclusively and uniquely as a reliable source of the high-quality silk merchandise and services to which the ROYAL SILK marks are applied. The ROYAL SILK marks have acquired enormous value, goodwill and marketplace recognition in the United States.

14.     ROYAL SILK is a strong mark and a powerful brand that has been developed over a long period of time, with consistent high quality, regular advertising, high customer satisfaction, and valuable word of mouth.

15.     Moreover, the mark is strong since ROYAL SILK is considered a lifestyle brand, which means that it is a crossover identifier across categories of goods and demographics such as: men's and women's apparel, accessories, jewelry, footwear, home furnishings, home goods, as well as cosmetic, body care, beauty, fragrance, and other personal care products.

16.     Plaintiff is engaged in the licensing of the ROYAL SILK marks for the manufacture, distribution, sale, marketing, and promotion in interstate commerce of the ROYAL SILK brand line of clothing, accessories, personal care products, and services.  Melwani and/or

---

[2] *Prakash Melwani v. Pradip K. Jain et al.,* 02 Civ 1224 (DF)

his predecessor-in-interest, have been continuously using the ROYAL SILK marks for over forty-five years, beginning in March 1978.

17.     ROYAL SILK products sell for low to moderate prices and are generally advertised as "Affordable Silk Elegance" or "Affordable Silk Luxury." ROYAL SILK products can be viewed at RoyalSilkUSA.com, an e-commerce site owned and operated by Royal Silk Direct.

## DEFENDANTS' WRONGFUL CONDUCT

18.     To prevent, report, and enforce trademark and copyright infringements, Plaintiff regularly patrols and polices prominent online consumer marketplaces and search engines.

19.     On July 24, 2023, Plaintiff conducted a search for "Royal Silk" on the Google Search Engine at the url: www.google.com ("Google"). Dominating the Google search results was a large grouping of products described as ROYAL SILK Kiss Lashes ("ROYAL SILK Kiss Lashes" or collectively, "Infringing Products"). EXHIBITS A to D are screenshots of the first page results.

20.     Other Google search terms, such as: "royal silk kiss," "kiss royal silk," "kiss lash couture royal silk," "kiss luxtensions royal silk," "kiss lash extensions royal silk," and "lash couture luxtensions royal silk" produce similar search results as evidenced in EXHIBITS A to D.

21.     As evidenced in EXHIBITS A to D, Defendants distribute and sell ROYAL SILK Kiss Lashes to a wide range of stores and websites, namely: Amazon.com, Target.com, Walmart.com, Ulta.com, SallyBeauty.com, RiteAid.com, CVS.com, and other major retailers.

22.     Moreover, Defendants sell ROYAL SILK Kiss Lashes on two of its own websites: KissUSA.com and KissColors.com.

23.     Essentially, ROYAL SILK Kiss Lashes are cosmetic products that consist of a variety of fake and false eyelashes made of synthetic, petroleum-based elements and materials that are not fully described in any of the written text on the packaging. EXHIBITS E to G are some representative images of the artificial ROYAL SILK Kiss Lashes.

24.     As is evident in EXHIBITS E to G, the images for the packaging show that each type of ROYAL SILK Kiss Lashes infringing products is actually labeled "ROYAL SILK."

25.     EXHIBIT H shows the back-side image of a package for one style of ROYAL SILK Kiss Lashes.

26.     According to the text shown on  EXHIBIT H, the manufacturer of the Infringing Products is listed as Kiss Products, Inc. ("Kiss Products, Inc.") with an address at 25 Harbor Park Drive, Port Washington, New York 11050.

27.     In fact, according to the New York State Department of State records, the corporate entity known as Kiss Products, Inc. was dissolved by proclamation and has been inactive since January 25, 2012.  In other words, Kiss Products, Inc. is a defunct company.

28.     However, according to the New York State Department of State records, there does exist an active corporate entity by the name of Kiss Nail Products, Inc., formed on 7/30/1991 and located at the same address.

29.     Furthermore, according to the Privacy Policy on the www.kissusa.com and www.kisscolors.com websites, Kiss Nail Products, Inc., also know as Kiss Products, and other Kiss entities are in fact owned and controlled by defendant AST Systems.

30.     Defendants Kiss Products and AST Systems are long-established and experienced owners and applicants for numerous trademarks and patents.

31.     Defendant David Chung is a knowledgeable Intellectual Property attorney who has applied for and registered many of the United States trademarks owned by Kiss Products.

32.     Defendants' products sell for low to low moderate prices.

33.     Defendants routinely purchase online search terms with "Royal Silk" as the main part of the search term or as the main keywords for its online promotions, marketing, advertising and selling of the Infringing Products.

34.     In short, over a period of several years, and without any compensation to Plaintiff, Defendants have misappropriated Plaintiff's mark by using the keywords "Royal Silk" as an indicator of source on a variety of Infringing Products and in its related advertising in interstate commerce via online and retail store sales.  As a result, Defendants have improperly profited and benefitted from the goodwill that Plaintiff has developed in his marks.

35.     Defendants have infringed, continue to infringe, and threaten to further infringe the ROYAL SILK mark by manufacturing, distributing and selling unauthorized products bearing the mark ROYAL SILK Kiss Lashes

## FIRST CAUSE OF ACTION
### Federal Trademark Infringement under 15 U.S.C. § 1114(1)(a)

36.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 35 above as if fully set forth herein.

37.     Defendants' deliberate use of the ROYAL SILK marks, without Plaintiff's consent, constitutes trademark infringement in violation of 15 U.S.C. § 1114(1)(a), in that, among other things, such use is likely to cause confusion, deception and mistake among the consuming public and the trade as to the source, approval or sponsorship of the infringing goods.

38.     Defendants' unlawful conduct has been knowing, deliberate, willful, and intentionally deceptive to the public and has been in total disregard of Plaintiff's rights.

39.     Defendants' misconduct has injured Plaintiff in an amount to be determined at trial and has caused and will continue to cause irreparable injury to Plaintiff, for which Plaintiff has no adequate remedy at law.

## SECOND CAUSE OF ACTION
### False Designation of Origin under 15 U.S. C. § 1125(a)(1)(A)

40.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 39 above as if fully set forth herein.

41.     Defendants' commercial use of the ROYAL SILK mark, without Plaintiff's consent, constitutes trademark infringement in that, among other things, such use is likely to cause confusion, deception and mistake among the consuming public and trade as to the source, approval or sponsorship of the infringing goods.

42.     Defendants' improper conduct has been knowing, deliberate, willful, and intentionally deceptive to the public and has been in total disregard of Plaintiff's rights.

43.     Defendants have injured Plaintiff in an amount to be determined at trial and have caused and will continue to cause irreparable injury to Plaintiff, for which Plaintiff has no adequate remedy at law.

## THIRD CAUSE OF ACTION
### False Advertising under 15 U.S. C. § 1125(a)(1)(B)

44.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 43 above as if fully set forth herein.

45.     Defendants are competitors of Plaintiff by virtue of its sales of Infringing Products that consist of cosmetic and personal care products and by engaging in online store services, retail store services and wholesale store services under the ROYAL SILK mark.

46.     Defendants, in connection with Plaintiff's ROYAL SILK marks, have engaged in use of false and misleading representation of fact in commercial advertising and promotion that are likely to cause mistake or deception through misrepresentations about the nature, source, characteristics, qualities or geographic origin of Plaintiff's goods and services.

47.     Defendants' use of the ROYAL SILK mark in association with the Infringing Products is deliberately misleading and intentionally deceptive to the public and the trade.

48.     For example, the middle frame in EXHIBIT F shows a rectangular photo image of a pair of curvy, curly, black silk-like eyelashes against a white background. In the same white frame, and prominently centered below the images of the right-side and left-side images of the eyelashes are the words: Royal Silk.

49.     The cited image is a deliberate attempt by Defendants to capitalize on the ROYAL SILK mark by misleading or deceiving the buying public into thinking that the curly black eyelashes are perhaps made of silk threads or silk filaments.

50.     Compounding this highly deceptive advertising method used by the Defendants is the fact that none of the packaging of the Infringing Products mentions or details the material ingredients or makeup of the actual eyelash.  Thus there is no way for the buying public to know what the eyelash is made of, creating an additional cause for confusion and mistake.

51.     Upon information and belief, ROYAL SILK Kiss Lashes are fake and false eyelashes made of synthetic, petroleum-based elements and materials with no trace of any silk.

52.     Defendants' unlawful conduct, with total disregard to Plaintiff's rights, has been knowing, deliberate, willful, in bad faith and intentionally deceptive to the public and the trade.

53.     Defendants' improper and unlawful conduct has injured Plaintiff in an amount to be determined and tripled at trial, and has caused and will continue to cause irreparable injury to Plaintiff, for which Plaintiff has no adequate remedy at law.

## FOURTH CAUSE OF ACTION
### Federal Trademark Dilution under 15.U.S.C. § 1125(c)

54.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 53 above as if fully set forth herein.

55.     Plaintiff's ROYAL SILK marks are both famous and inherently distinctive.

56.     The ROYAL SILK marks are recognized as affordable, high-quality silk merchandise, silk accessories and silk-based personal care products.

57.     Plaintiff has not authorized or licensed the use of ROYAL SILK to Defendants.

58.     Long after the ROYAL SILK became famous, Defendants used unauthorized copies and colorable imitations of the ROYAL SILK marks and thereby caused, and continue to cause, the likelihood of substantial dilution through blurring as well as through tarnishment, resulting in substantial harm to the distinctive quality of the ROYAL SILK marks

59.     Defendants' wrongful conduct to trade on the reputation and goodwill of the ROYAL SILK marks has been knowing and deliberate.  As a result, Plaintiff has been injured, and irreparably harmed for which he has no adequate remedy at law except seek injunctive relief.

60.     Upon information and belief, Defendants have obtained gains, profits and advantages as a result of their wrongful acts in an amount thus far not determined.

## FIFTH CAUSE OF ACTION
### Injury to Business Reputation and Dilution under N.Y. General Business Law § 360-1

61.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 60 above as if fully set forth herein.

62.     Defendants' unauthorized and unrestricted commercial use of the ROYAL SILK marks for goods and/or services, that are materially different from those of Plaintiff is likely to dilute by blurring and tarnishment of the distinctive quality of Plaintiff's marks by diminishing the ability of these marks to exclusively identify and distinguish Plaintiff's goods and services.

63.     As a result, Defendants have harmed and damaged the public image and business reputation of Plaintiff's ROYAL SILK marks.

64.     Defendants' deliberate misconduct in violation of New York General Business Law § 360-1 has injured Plaintiff in an amount to be determined at trial and has caused and will continue to cause irreparable injury to Plaintiff for which there is no adequate remedy at law.

## SIXTH CAUSE OF ACTION
### Common Law Trademark Infringement

65.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 64 above as if fully set forth herein.

66.     Defendants' unauthorized use of Plaintiff's ROYAL SILK mark for its Infringing Products is likely to cause confusion as to the origin or sponsorship of these goods.

67.     Defendants' malicious, fraudulent, knowing and deliberate misconduct constitutes trademark infringement under the laws of the State of New York.

68.     As a result, Plaintiff has suffered damages in an amount to be determined at trial.

69.     Defendants' unlawful conduct has caused irreparable injury to Plaintiff and to the reputation and goodwill of his marks for which Plaintiff has no adequate remedy at law.

## SEVENTH CAUSE OF ACTION
### Unfair Competition under the Common Law of New York

70.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 69 above as if fully set forth herein.

71.     Defendants' deliberate and willful use of Plaintiff's protectable common law marks has infringed on its distinctive attributes in a manner likely to confuse, in the public's mind, Plaintiff's ROYAL SILK products, services and advertising with Defendants' Infringing Products, and related services and advertising.

72.     Upon information and belief, Defendants intended to misappropriate the ROYAL SILK mark to create the association in the minds of consumers that the Infringing Products are associated with Plaintiff's ROYAL SILK products, most of which are genuine 100% Silk.

73.     Further, upon information and belief, Defendants have tried to create the impression to the buying public that the Infringing Products are approved or sponsored or licensed by Plaintiff, which is not true.

74.     Defendants' bad-faith misappropriation of Plaintiff's goodwill in violation of his valuable intellectual property rights constitutes unfair competition under New York State law.

75.     Thus Plaintiff has suffered damages in an amount to be determined at trial along with punitive damages also to be determined at trial.

76.    Defendants' misconduct has been in bad faith and has caused irreparable injury to Plaintiff' property rights and to the reputation and goodwill of his ROYAL SILK marks for which Plaintiff has no adequate remedy at law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

1.   Entering a judgment that:

    A.  Plaintiff's Federally Registered Trademarks have been and continue to be infringed by Defendant in violation of 15 U.S.C. §1114(1);

    B.  Defendants' uses of the ROYAL SILK marks constitutes federal unfair competition in violation of 15 U.S.C. §1125(a);

    C.  Defendants' uses of the ROYAL SILK marks constitutes dilution by blurring or tarnishment in violation of 15 U.S.C. §1125(c);

    D.  Defendant's use of the ROYAL SILK mark violates New York General Business Law § 360-1, New York common law trademark infringement, and New York unfair competition laws;

2.   That a permanent injunction be issued enjoining and restraining Defendants and its agents, servants, employees and attorneys and all those in active concert or participation with the Defendants, from:

    A.  Using any reproduction, copy, counterfeit, or colorable imitation of Plaintiff's Federally Registered ROYAL SILK Trademarks to identify any goods or the rendering of any services not authorized by Plaintiff;

    B.  Engaging in any course of conduct likely to cause confusion, deception or

mistake, or to injure Plaintiff's business reputation or dilute the distinctive quality of the ROYAL SILK Federally Registered Trademarks;

C. Using a false description or representation including words or other symbols tending to falsely describe or represent Defendants' unauthorized goods as being those of Plaintiff or sponsored by or associated with Plaintiff and from offering such goods into commerce;

D. Further infringing Plaintiff's Federally Registered Trademarks by manufacturing, minting, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, renting, displaying or otherwise disposing of any products not authorized by Plaintiff bearing any simulation, reproduction, counterfeit, copy or colorable imitation of Plaintiff's Federally Registered ROYAL SILK Trademarks;

E. Using any simulation, reproduction, counterfeit, copy or colorable imitation of Plaintiff's Federally Registered ROYAL SILK Trademarks in connection with the rental, promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation or distribution of any unauthorized products in such fashion as to relate or connect, or tend to relate or connect, such products in any way to Plaintiff, or to any goods sold, manufactured, sponsored or approved by, or connected with Plaintiff;

F. Making any statement or representation whatsoever, or using any false designation of origin or false description, or performing any act, which can or is likely to lead the trade or public, or individual members thereof, to believe

that any products minted, manufactured, distributed, or sold by Defendants are in any manner associated or connected with Plaintiff, or is sold, manufactured, licensed, sponsored, approved or authorized by Plaintiff;

G. Constituting an infringement of any of Plaintiff's Federally Registered ROYAL SILK Trademarks or of Plaintiff's rights in, or to use or to exploit, said Registered Trademarks, or constituting any dilution of Plaintiff's name, reputation or goodwill;

H. Secreting, destroying, altering, removing, or otherwise dealing with the unauthorized products or any books or records which contain any information relating to the importing, manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, renting or displaying of all unauthorized products which infringe Plaintiff's Federally Registered ROYAL SILK Trademarks;;

I. Transferring, selling, offering for sale, or advertising any merchandise under Plaintiff's Federally Registered ROYAL SILK Trademarks on the Internet or in e-commerce, including but not limited to all forms of social media;

J. Using any reproduction, copy, counterfeit, or colorable imitation of Plaintiff's Federally Registered ROYAL SILK Trademarks as a trade name or a trademark to promote any product or business; and

K. Effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (A) through (J).

3.   Directing Defendants to destroy all packaging and products using Plaintiff's Federally Registered ROYAL SILK Trademarks.

4.   Directing Defendants to refrain from registering, using, or trafficking in any domain names or social media user names or handles that are identical or confusingly similar to Plaintiff's Federally Registered ROYAL SILK Trademarks, including but not limited to names containing Plaintiff's Federally Registered Trademarks and domain names containing misspellings of Plaintiff's Federally Registered Trademarks.

5.   Directing such other relief as the Court may deem appropriate to prevent the trade and public from deriving any erroneous impression that any products manufactured, sold or otherwise circulated or promoted by Defendants are authorized by Plaintiff or related in any way to Plaintiff's ROYAL SILK products.

6.   Directing Defendant, within thirty (30) days after the service of judgment upon it, with notice of entry thereof, to file with the Court, and serve upon Plaintiff, a written report under oath setting forth in detail the manner in which Defendant has complied with all the applicable aforesaid paragraphs.

7.   Awarding Plaintiff all damages, including punitive and exemplary, sustained by him as a result of the Defendants' gains, profits, savings and other advantages derived from their unlawful acts, and trebling those amounts, as may be the case, pursuant to 15 U.S.C. § 1117 or the laws of New York.

8.   Awarding Plaintiff his costs, reasonable attorneys' fees (to the extent that these are incurred), and related legal, research, expert and consultation costs and disbursements.

9.  Awarding Plaintiff pre-judgment and post-judgment interest on the total money damages established by Plaintiff against Defendants.

10. Directing that this Court retain jurisdiction of this action for the purpose of enabling Plaintiff to apply to the Court at any time for such further orders and interpretation or execution of any order entered in this action, for the modification of any such order, for the enforcement or compliance therewith and for the punishment of any violations thereof.

11. Awarding to Plaintiff such other and further relief as the Court may deem just and proper.

DEMAND FOR JURY TRIAL
**Plaintiff demands a trial by jury on all claims so triable.**


Dated:          August  5, 2023
                New York, New York

                Respectfully submitted by: _____
                                Prakash Melwani (*pro se*)
                                101 West 23rd St, Suite 163
                                New York, New York 10011
                                TEL:  (212) 505-1818
                                FAX:  (609) 987-8888
                                EMAIL: pakmelwani@comcast.net

# EXHIBIT A

Google

Sponsored

royal silk kiss lashes



KISS Lash
Couture...
**$6.37**
Amazon.com
Free shipping
★ ★ ★ ★ ⯪ (519)



KISS Products
Lash Couture...
**$6.99**
Target
★ ★ ★ ★ ⯪ (519)



Kiss Lash
Couture...
**$7.99**
Ulta Beauty
$7.19 with co...

10% OFF

**69% OFF**



KISS Lash
Couture Nake...
**$1.80** $5.99
KISS
$1.35 with co...



Kiss Lash
Couture...
**$15.99**
Ulta Beauty
$3.50 off $15+

Pick up today

House of
Lashes Iconic...
**$6.00** $12
Sephora
★ ★ ★ ★ ⯪ (7k+)

50% OFF



7pairs Cat Eye
False...
**$2.29**
SHEIN

Get it by 8/9



25% OFF

KISS Lash
Couture...
**$7.99**
KISS
$5.99 with co...

Stores

Reviews

Details

## Kiss Lash Couture Luxtensions

★ ★ ★ ★ ⯪ (519)



U Ulta Beauty
https://www.ulta.com › Makeup › Eyes › Eyelashes   ⋮

## Lash Couture Luxtension Royal Silk - Kiss

Free Shipping at $35. KISS Lash Couture LuXtension in Royal Silk are made with real
extension fibers for the ultimate lash extensions look!

★ ★ ★ ★ ⯪ Rating: 4.6 · 126 reviews · $7.99 · 3–9 day delivery · 60-day returns · In stock

# EXHIBIT B

Google        royal silk kiss lashes        ✕    ⟶    ⦿    ⌕

**a** Amazon.com
https://www.amazon.com › Kiss-Lash-Couture-Luxten... ⋮

# Kiss Lash Couture Luxtensions Royal Silk (Pack of 3)

Kiss Lash Couture Luxtensions **Royal Silk** (Pack of 3) ; Item Form. Pair ; Mounting Type. **Eyelash** Glue ; Package Dimensions, 4.61 x 3.98 x 2.72 inches; 2.88 Ounces.

Mounting Type: Eyelash Glue                    Package Dimensions: 4.61 x 3.98 x 2.72 inc...

★★★★★ Rating: 4.7 · 226 reviews · $19.58 · 30-day returns · In stock



**◎** Target
https://www.target.com › ... › Eyes › False Eyelashes ⋮

# Kiss Products Lash Couture Luxtensions Collection False ...

Our best loved **KISS Lash** Couture LuXtensions in style '**Royal Silk**' are designed to provide the look of professional quality **lash** extensions without a pricey ...

★★★★★ Rating: 4.6 · 7 reviews · $6.99 · Free 90-day returns · In stock



KISS USA

EXHIBIT C

Google    royal silk kiss lashes    × ♪ ◉ ⌕

**Amazon.com**
https://www.amazon.com › Kiss-Lash-Couture-Luxtensio... ⋮



# Kiss Lash Couture Luxtensions Royal Silk (Pack of 6)

Kiss Lash Couture Luxtensions Royal Silk (Pack of 6) ; Item Form. Pair ; Mounting
Type. Eyelash Glue ; Package Dimensions. 5.28 x 5.24 x 3.98 inches; 5.76 Ounces.

★★★★☆ Rating: 4.7 · 66 reviews · $32.98 · 30-day returns · In stock

**Rite Aid**
https://www.riteaid.com › ... › Eye › False Eyelashes ⋮






# KISS Lash Couture LuXtensions Fake Eyelashes, Royal ...

Now you can get the look of real lash extensions without a pricey trip to the salon. KISS
Lash Couture LuXtension Collection strip lashes are designed with ...

Container Type: box          Brand Description: 0

★★★★★ Rating: 5 · 1 review · $7.99 · Free 90-day returns · In stock

**CVS**
https://www.cvs.com › ... › Eyes › Fake Eyelashes ⋮



# KISS Lash Couture Luxtension, Royal Silk

Details · Features flat lash technology for a super slim band · Laser cut technology
provides ultra lightweight, comfortable, flexible wear · Lashes are a mix of D ...

★★★★★ Rating: 5 · 6 reviews · $8.49 · 2–4 day delivery · 60-day returns · In stock

# EXHIBIT D

Google          royal silk kiss lashes                    ×      ◖    ◉    ◯



Kiss Colors
https://www.kisscolors.com › kiss-lash-couture-luxtens...    ⋮

# KISS Lash Couture LuXtensions - Royal Silk

Our most dramatic and luxurious premium faux mink false **eyelashes** have a matte
effect that looks and feels like real mink! Full volume **lashes** feel totally ...

$7.99 · 30-day returns · In stock

▣ Videos    ⋮



Trying the NEW *Kiss Lash Couture Luxtensions* in Royal Silk

YouTube · Roxanne Latulippe
Oct 17, 2022

4 key moments in this video    ⌄





Royal silk kiss lashes!! I swear by these. @kissproducts pls ...

TikTok · aliahweezyyy
Apr 7, 2023





trying the kiss royal silk lashes ... IG: jadeamberrrr | royal silk ...

TikTok · jade.amberrrr
1 month ago

# EXHIBIT E



Bring the Salon Home

KISS®

DCJ CURLS

*Lash* COUTURE™

LUXTENSIONS
COLLECTION

THE ULTIMATE LASH EXTENSIONS LOOK

Royal Silk    Bonus Glue NET WT 1g(0.035oz)

LIGHT & FLEXIBLE WEAR
LASER CUT TECH

SUPER SLIM BAND
FLAT LASH TECH

Security Tag Included

# EXHIBIT F



# EXHIBIT G



# EXHIBIT H

**REUSABLE with special care.**

Gently peel off lash starting from outer corner.
Manually remove glue residue.
Rinse with water. Place back onto tray to dry.

• Flat Hair - 30% Thinner Lash Band
• Laser Cut - Light & Comfortable
• True Lash Extensions Effect

 1.

 2.

 3.

KISSusa.com #KISSLASHES

KLCL020503

Lighter & Comfortable

**30% Thinner Lash Band**

## HOW TO APPLY

1. Gently remove lash from tray.
2. Apply KISS® Lash Adhesive along lash band; wait 30 seconds for adhesive to get tacky.
3. Once tacky, apply lash along natural lash line. Hold, allowing adhesive to dry completely.

## CÓMO APLICAR

1. Con cuidado retirar la pestaña de la bandeja.
2. Aplique el adhesivo de pestañas KISS® a lo largo de la banda de pestañas; espere unos 30 segundos hasta que el adhesivo se vuelva pegajoso.
3. Una vez que esté pegajoso, aplique la pestaña sobre la línea natural de la pestaña. Sujétela, permitiendo que el adhesivo se seque completamente.

Manufactured for/Fabricado para
©2020 Kiss Products, Inc.
Port Washington, NY 11050
All Rights Reserved./Todos los derechos reservados.
Made in China/Hecho en China